IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF TENNESSEE
EASTERN DIVISION

| | | |
|---|---|---|
| **RICARDO TORRES,** | ) | |
| | ) | |
| **Plaintiff,** | ) | |
| | ) | |
| v. | ) | No. 1:16-cv-01319-STA-egb |
| | ) | |
| **PRECISION INDUSTRIES, INC.,** | ) | |
| | ) | |
| **Defendant.** | ) | |

**ORDER DENYING DEFENDANT'S MOTION TO STAY PROCEEDINGS**

Before the Court is the motion of Defendant Precision Industries, Inc. to stay the proceedings in this case. (ECF No. 15.) Defendant contends that this lawsuit should not move forward until all costs have been fully resolved and paid in Plaintiff's previous lawsuit in Tennessee state court, pursuant to Federal Rule of Civil Procedure 41(d). Plaintiff has filed a response in opposition (ECF No. 20), to which Defendant has replied (ECF No. 28), making the matter ripe for adjudication. For the reasons discussed below, Defendant's motion is DENIED.

**I.     BACKGROUND**

   **A.     State Court Proceedings**

On October 19, 2012, Ricardo Torres and Adriana Chavira filed suit in the Circuit Court of Hardeman County, Tennessee against Precision Industries, Terry Hedrick, and Vicki Hedrick, claiming wrongful termination. (ECF No. 20-1.) The plaintiffs alleged that Torres was fired from his employment at Precision Industries because he hired an attorney and attempted to file a workers' compensation claim after being injured on the job. (*Id.* at 2.) They further alleged that Chavira, Torres' co-habiting partner and co-parent of three minor children, was subsequently

fired because of her close, intimate relationship with Torres. (*Id.* at 3.) The case proceeded through discovery, which included requests for admission (ECF No. 20-3), depositions (ECF Nos. 20-4, 28-1), interrogatories (ECF No. 28-2), and requests for production (*id.*). On December 23, 2013, the court granted summary judgment to the defendants regarding Torres' retaliatory discharge claim on standing grounds. (ECF No. 20-5.) Torres appealed this decision to the Tennessee Court of Appeals, which ruled in his favor and reversed the trial court. *See Torres v. Precision Indus.*, No. W2014-00032-COA-R3CV, 2014 WL 3827820 (Tenn. Ct. App. Aug. 5, 2014). By mid-2016, the trial court had ruled on two motions in limine. (*See* ECF Nos. 15-3, 15-5.) On October 19, 2016, Plaintiff filed a motion for a voluntary dismissal, pursuant to Tennessee Rule of Civil Procedure 40.01. (ECF No. 15-6.)

### B. Case No. 1:16-cv-01319-STA-egb

Plaintiff filed suit in this Court on December 19, 2016, bringing substantially the same claim as before, alleging wrongful termination in connection with a claim for workers' compensation under Tennessee common law. (ECF No. 1.) While this case contains fewer parties than the action in state court, it shares one plaintiff and one defendant from that case. Defendant now moves to stay the proceedings in this case and requests an order requiring that Plaintiff pay the costs incurred in his state court case before this action moves forward. (ECF No. 15.)

## II. LEGAL STANDARD

Federal Rule of Civil Procedure 41(d) provides that

> If a plaintiff who previously dismissed an action in any court files an action based on or including the same claim against the same defendant, the court:
>
> > (1) may order the plaintiff to pay all or part of the costs of that previous action; and

> (2) may stay the proceedings until the plaintiff has complied.

Fed. R. Civ. P. 41(d). The purpose of the rule is "to serve as a deterrent to forum shopping and vexatious litigation," *Duffy v. Ford Motor Co.*, 218 F.3d 623, 633 (6th Cir. 2000) (quoting *Esquivel v. Arau*, 913 F. Supp. 1382, 1386 (C.D. Cal. 1996)), "especially by plaintiffs who have suffered setbacks in one court and dismiss to try their luck somewhere else." *Rogers v. Wal-Mart Stores, Inc.*, 230 F.3d 868, 874 (6th Cir. 2000) (quoting *Robinson v. Nelson*, No. 98–10802–MLW, 1999 WL 95720, at *2 (D. Mass. Feb. 18, 1999)). To this end, a court may consider the plaintiff's motive in dismissing the previous action and a showing of bad faith is not required. *Duffy*, 218 F.3d at 633 (citing *Loubier v. Modern Acoustics, Inc.*, 178 F.R.D. 17, 22–23 (D. Conn. 1998)). "[A]n award under the rule lies within the sound discretion of the trial court," *Hython v. City of Steubenville*, 94 F.3d 644 (6th Cir. 1996), and "a number of courts have expressed reluctance to exercise their discretion to award costs under Rule 41(d) when the result would be to deprive innocent plaintiffs of their day in court due to their inability to pay the defendant's costs," *Duffy*, 218 F.3d at 632 (collecting authority).

## III. DISCUSSION

Defendant avers that Plaintiff has engaged in the sort of vexatious, forum shopping conduct that Rule 41(d) seeks to deter. Specifically, Defendant focuses on the state court's denial of two motions in limine, in which Plaintiff sought to exclude evidence of his immigration status,[1] his prior arrest and conviction for theft, and "his psychological treatment for fear of African-Americans." (ECF No. 15-3; *see* ECF No. 15-5.) When Plaintiff moved for permission to file an interlocutory appeal as to the motion regarding his immigration status, the court denied

---

[1] Plaintiff is an illegal alien. (*See* ECF No. 15-5.)

it. (ECF No. 15-4.) According to Defendant, "[s]hortly thereafter, Plaintiff dismissed his case." (ECF No. 15 at 2; *see* ECF No. 15-6.)

Defendant's characterization of events leaves out several important nuances. First, regarding Plaintiff's motion in limine to exclude evidence of his psychiatric treatment, the state court did not deny that motion as a final matter, but rather noted that "it is *premature* to exclude evidence of Plaintiff's mental or psychological treatment since Plaintiff is claiming damages for mental or psychological injury," implying that the matter may be revisited at trial. (ECF No. 15-3 (emphasis added).) Second, while the court denied the motion to file an interlocutory appeal as to the immigration status issue, it granted Plaintiff's alternative motion to preserve his objection for purposes of appeal. (ECF No. 15-4.) Plaintiff thus had the opportunity to continue to seek relief in state court on this point. Indeed, his prior attempt to appeal an adverse ruling of the trial court met with success. Moreover, these rulings, while detrimental, do not reach the gravamen of Plaintiff's case. They are not the sort of critical setbacks that would thwart the case entirely, and perhaps motivate a plaintiff to seek a more hospitable forum and "gain [a] tactical advantage by dismissing and refiling th[e] suit.'" *Rogers*, 230 F.3d at 874 (quoting *Sewell v. Wal-Mart Stores, Inc.*, 137 F.R.D. 28, 29 (D. Kan. 1991); *cf. id.* (affirming a granted motion under Rule 41(d) where the plaintiff dismissed the initial action only after missing the court's deadline for disclosing expert witnesses).

As for the timeline of these events, Defendant's assertion that once the state court denied the motion for interlocutory appeal, Plaintiff dismissed his state court case "[s]hortly thereafter," is misleading. (ECF No. 15 at 2.) The court denied the motion for interlocutory appeal on June

4

7, 2016.[2]  (ECF No. 15-4 at 2.)  Plaintiff dismissed his case on October 9, 2016, four months later.  (ECF No. 15-6.)  This does not strike the Court as a furtive, immediate "attempt to wipe the slate clean after an initial setback." *Rogers*, 230 F.3d at 874.  For his part, Plaintiff offers a different explanation for his conduct.  He asserts that he wished to hire a second attorney, Bryce W. Ashby, who requested as a condition of his representation that the case be brought in federal court, citing the state court's distance from his law office and its lack of electronic filing availability.  (ECF No. 20-7 at 1.)  The Court finds this to be a reasonable, permissible ground for Plaintiff to dismiss his state court case and bring suit in federal court.

Finally, in its reply brief, Defendant accuses Plaintiff of further vexatious conduct, making numerous factual allegations and generally insisting that Plaintiff's case lacks merit.  The Court does not consider these new arguments raised for the first time in a reply brief, nor does it entertain Defendant's numerous other contentions that are irrelevant to its own motion.  *See Bender v. Comm'r of Soc. Sec.*, No. 11-CV-1546, 2012 WL 3913094, at *8 (N.D. Ohio Aug. 17, 2012), *report and recommendation adopted*, No. 5:11-CV-01546, 2012 WL 3913091 (N.D. Ohio Sept. 7, 2012) ("It is well-established that a party should not raise new arguments in a reply brief." (citing *Scottsdale Ins. Co. v. Flowers*, 513 F.3d 546, 553 (6th Cir. 2008))).

IV.  **CONCLUSION**

For the reasons stated above, Defendant's Motion to Stay the Proceedings is DENIED.

IT IS SO ORDERED this 23rd day of May, 2017.

        s/ S. Thomas Anderson
        S. THOMAS ANDERSON
        CHIEF UNITED STATES DISTRICT JUDGE

---

[2] The also court denied the separate motion to exclude evidence of Plaintiff's prior conviction and psychiatric treatment on that date.  (ECF No. 15-3.)