# IN THE UNITED STATES DISTRICT COURT
# FOR THE WESTERN DISTRICT OF TENNESSEE
# EASTERN DIVISION

| | | |
|---|---|---|
| **RICARDO TORRES,** | ) | |
| Plaintiff, | ) | |
| vs. | ) | No. 1:16-cv-01319-STA-egb |
| **PRECISION INDUSTRIES,** | ) | |
| **INC., a/k/a P.I., Inc.,** | ) | |
| Defendant. | ) | |

## ORDER DENYING DEFENDANT'S MOTION TO DISMISS AND/OR
## FOR SUMMARY JUDGMENT BASED UPON THE STATUTE OF LIMITATIONS

Before the Court is the Motion of Defendant—which was named in the Complaint (ECF No. 1) as Precision Industries, Inc., a/k/a P.I., Inc., but filed its Answer (ECF No. 10) as P.I., Inc., a/k/a Precision Industries and has referred to itself solely as P.I., Inc., in its subsequent filings—to Dismiss and/or for Summary Judgment Based upon the Statute of Limitations (ECF No. 31). Defendant moves to dismiss—or in the alternative, for summary judgment on— Plaintiff Ricardo Torres's diversity action under Tennessee law on the basis that Tennessee's savings statute did not toll the statute of limitations when Plaintiff initially filed suit in state court because Plaintiff did not actually sue Defendant. Plaintiff instead sued "Precision Industries" in the prior action. But Plaintiff asserts that Defendant nonetheless participated in the suit as "P.I., Inc.," identified itself as "Precision Industries" in its separation notice to Plaintiff, and caused the entirety of this confusion by failing to register with the Tennessee Secretary of State. For reasons set forth below, Defendant's Motion is **DENIED**.

## I. PROPER MOTION BEFORE THE COURT

At the outset, the Court finds it appropriate to determine whether it should consider Defendant's Motion as a motion to dismiss or a motion for summary judgment. When a party moving under Rule 12(b)(6) presents matters outside the pleadings and the court does not exclude the materials, the court must treat the Rule 12(b)(6) motion as a motion for summary judgment under Rule 56. Fed. R. Civ. P. 12(d). Before converting a motion to dismiss, the Court must give the parties "a reasonable opportunity to present all the material that is pertinent to the motion." *Id.* But notice is required only to the extent that "one party is likely to be surprised by the proceedings." *Wysocki v. Int'l Bus. Mach. Corp.*, 607 F.3d 1102, 1105 (6th Cir. 2010) (quoting *Shelby Cty. Health Care Corp. v. S. Council of Indus. Workers Health & Welfare Tr. Fund,* 203 F.3d 926, 931 (6th Cir. 2000); *Salehpour v. Univ. of Tenn.*, 159 F.3d 199, 204 (6th Cir. 1998)). The necessity of prior notice "depends upon the facts and circumstances of each case." *Id.* (quoting *Salehpour*, 159 F.3d at 204).

The Court finds it appropriate to convert Defendant's Motion to Dismiss to a Motion for Summary Judgment without additional notice to the parties. Here, both parties have not only presented Statements of Facts (ECF Nos. 31-2, 35-1, 35-2, & 37-1) that rely on affidavits and other documents but also utilized these Statements of Facts in their respective arguments. Further, Plaintiff had not just notice of this possibility but in fact asks the Court to consider the instant Motion as a motion for summary judgment. Pl.'s Resp. in Opp'n to Def.'s Mot. to Dismiss and/or for Summ. J. Based upon the Statute of Limitations, at 8, June 15, 2017, ECF No. 35 [hereinafter "Pl.'s Resp."] ("As such, the Court should treat Defendant's Motion under the Rule 56 summary judgment standard."). Accordingly, the Court will proceed as if Defendant has moved for summary judgment against Plaintiff.

## II. BACKGROUND

The following facts are not disputed by the Parties unless otherwise noted. *See* Statement of Undisputed Material Facts in Supp. of Def.'s Mot. for Summ. J., May 18, 2017, ECF No. 31-2 [hereinafter "Def.'s Statement of Facts"]; Pl.'s Resps. to Def.'s Statement of Undisputed Material Facts in Supp. of Def.'s Mot. for Summ. J., June 15, 2017, ECF No. 35-1 [hereinafter "Pl.'s Resp. to Def.'s Statement of Facts"]; Pl.'s Statement of Undisputed Material Facts, June 15, 2017, ECF No. 35-2 [hereinafter "Pl.'s Statement of Facts"]; Def's Resp. to Pl.'s Statement of Undisputed Material Facts, June 29, 2017, ECF No. 37-1 [hereinafter "Def.'s Resp. to Pl.'s Statement of Facts"]. Defendant is a Nevada Corporation that operates a business in Whiteville, TN, building torque converters for the automotive industry. Defendant employed Plaintiff from January 5, 2011, to September 7, 2012. Defendant provided the Tennessee Department of Labor and Workforce Development with a C20 form dated May 21, 2012, regarding Plaintiff's workplace injury from a few days prior. That form listed Defendant's name as "Precision Industries." Defendant also issued Plaintiff a Separation Notice, dated September 7, 2012, that listed its name as "Precision Industries." The 2012 Property Tax Receipt for 120 Independence Drive, Whiteville, TN, which is the principal place of business for Defendant and where Plaintiff worked, was paid by "Hedrick Terry Etux Vicki DBA Precision Industries."[1] Defendant's Articles of Incorporation list its Board of Directors as three persons including President, Secretary, and sole-shareholder, Terry Hedrick and his spouse, Vicki Hedrick, as Treasurer.

---

[1] The Court assumes "Etux" is the abbreviation "*et ux.*," which is short for "*et uxor*," meaning "and wife." Thus, the property taxes were paid by Terry Hedrick and his wife, Vicki Hedrick, who were doing business as "Precision Industries." This would imply that "Precision Industries" or "P.I., Inc.," was not a separate entity but the alter ego of Terry and Vicki Hedrick, who then actually employed Plaintiff. But Defendant flatly denies this. Def.'s Resp. to Pl.'s Statement of Facts, ¶ 14.

Plaintiff filed a lawsuit in Hardeman County Circuit Court for retaliatory discharge on October 19, 2012, against "Precision Industries," Terry Hedrick, and Vicki Hedrick. Defendant was served with process and filed an Answer as "P.I., Inc., d/b/a Precision Industries." Defendant has consistently stated that "Precision Industries" is the name under which it does business and "P.I., Inc.," is the name of Plaintiff's employer, i.e., Defendant, rather than Terry and Vicki Hedrick. Defendant regularly listed its name as "P.I., Inc.," in its Hardeman County filings but would designate itself as "Precision" within each document. At the time the Hardeman County lawsuit began, neither "Precision Industries" nor "P.I., Inc.," was registered with the Tennessee Secretary of State. And Defendant did not register itself with the Tennessee Secretary of State, pursuant to section 48-15-101(a)[2] of the Tennessee Code Annotated, until April 30, 2013, and it did so as "PITC, INC." Through an Order entered May 10, 2013, the Circuit Court of Hardeman County granted Plaintiff's Motion for Leave to Amend Complaint to add "P.I., Inc.," as a defendant. Plaintiff neither filed an amended complaint adding "P.I., Inc.," as a defendant in the Hardeman County case nor served Defendant with such a complaint.[3]

---

[2] The parties seem to agree that this is the correct statutory provision that required Defendant to register with the Tennessee Secretary of State, but it appears to the Court that this provision for corporations forming under the laws of Tennessee. Section 48-25-101(a) requires foreign corporations to obtain a certificate of authority from the secretary before transacting business within the State of the Tennessee. This understanding by the Court of course assumes that Defendant was in fact a Nevada corporation at the time it employed Plaintiff—a fact that it appears to have relied on in the Hardeman County action and that is not disputed by the parties in this matter.

[3] Plaintiff disputes that Defendant was not served with an amended complaint on the basis that Defendant was served with the original Hardeman County Complaint. *See* Pl.'s Resp. to Def.'s Statement of Facts, ¶ 5. Plaintiff points to Defendant's participation in the action after "Precision Industries" was served with that Complaint. *Id.* While this is certainly relevant information, it does not negate the apparent technical truth that Defendant was not served with an amended complaint specifically adding "P.I., Inc.," as a defendant.

On December 23, 2013, Hardeman County Circuit Court granted Defendant's Motion for Summary Judgment based on Plaintiff's lack of standing as an undocumented worker. Plaintiff appealed the Order to the Tennessee Court of Appeals, which reversed. Defendant then unsuccessfully appealed to the Tennessee Supreme Court. The case was remanded back to the Hardeman County Circuit Court, where the court eventually granted Plaintiff's Motion for Voluntary Dismissal on November 10, 2016. Plaintiff filed this action on December 19, 2016.

**III.  STANDARD OF LAW**

Summary judgment is proper where the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any, show that there is no genuine issue as to any material fact and that the moving party is entitled to a judgment as a matter of law. Fed. R. Civ. P. 56. When deciding a motion for summary judgment, the Court must review all the evidence and draw all reasonable inferences in favor of the nonmovant. *Matsushita Elec. Indus. Co. v. Zenith Radio Corp.*, 475 U.S. 574, 587 (1986). In reviewing a motion for summary judgment, the Court views the evidence in the light most favorable to the nonmoving party. *Roell v. Hamilton Cty.*, 870 F.3d 471, 479 (6th Cir. 2017) (citing *Watson v. Cartee*, 817 F.3d 299, 302 (6th Cir. 2016)). It "may not make credibility determinations []or weigh the evidence." *Laster v. City of Kalamazoo*, 746 F.3d 714, 726 (6th Cir. 2014). "The burden is generally on the moving party to show that no genuine issue of material fact exists, but that burden may be discharged by 'showing . . . that there is an absence of evidence to support the nonmoving party's case.'" *Bennett v. City of Eastpointe*, 410 F.3d 810, 817 (6th Cir. 2005) (quoting *Celotex Corp. v. Catrett*, 477 U.S. 317, 324 (1986)). When the motion is supported by documentary proof such as depositions and affidavits, the nonmoving party may not rest on his

pleadings but, rather, must present some "specific facts showing that there is a genuine issue for trial." *Celotex Corp.*, 477 U.S. at 324; *Eastham v. Chesapeake Appalachia, L.L.C.*, 754 F.3d 356, 360 (6th Cir. 2014). These facts must be more than a scintilla of evidence and must meet the standard of whether a reasonable juror could find by a preponderance of the evidence that the nonmoving party is entitled to a verdict in his favor. *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 252 (1986). The Court must enter summary judgment "against a party who fails to . . . [meet the burden] that party will bear . . . at trial." *Celotex Corp*, 477 U.S. at 322.

## IV. ANALYSIS

Defendant moves for summary judgment on the basis that Plaintiff's claim is barred by the statute of limitations. Defendant states that "[t]he statute of limitations for Tennessee actions for retaliatory discharge based on a plaintiff's filing of a claim for workers' compensation is one year from the date of the termination of the employee."[4] Def.'s Mem. in Supp. of Mot. to Dismiss and/or for Summ. J. Based Upon the Statute of Limitations, at 5, May 18, 2017, ECF No. 31-1 [hereinafter "Def.'s Mem."] (citing *Headrick v. Union Carbide Corp.*, 825 S.W.2d 424, 425–26 (Tenn. Ct. App. 1991)). Plaintiff was terminated on September 7, 2012, and filed this lawsuit against Defendant on December 19, 2016. Therefore, goes Defendant's argument, this action is barred by the statute of limitations. Defendant accurately states the statute of limitations. The Tennessee Supreme Court's decision in *Weber v. Moses* says as much, relying

---

[4] The Court advises Defendant's counsel to provide the Court, or at least more clearly provide the Court, with the actual statute of limitations in the future. It does not appear to be set forth in Section III.C of Defendant's Memorandum, which raises the statute of limitations as a defense to Plaintiff's claim. *See* Def.'s Mem., at 5. Nor does the statute appear where the statute-of-limitations defense is raised in Defendant's Answer or Amended Answer. *See* Answer, ¶ II, Jan. 17, 2017, ECF No. 10; Am. Answer, ¶ II, Mar. 6, 2017, ECF No. 24. The *Headrick* opinion cited by Defendant does not reference any specific statute and, as the opinion is from the Tennessee Court of Appeals, is not binding upon this Court.

on the Tennessee Court of Appeals's *Headrick* decision in addition to the provision of the Tennessee Code Annotated setting forth the statute of limitations for personal injury actions. 938 S.W.2d 387 (Tenn. 1996) (citing Tenn. Code Ann. § 28-3-104; *Headrick*, 825 S.W.2d 424; *Van Cleave v. McKee Baking Co.*, 712 S.W.2d 94 (Tenn. 1986)) ("A claim for retaliatory discharge is a tort action which is governed by the general tort statute of limitations which requires that a lawsuit be 'commenced within one (1) year after the cause of action accrued . . . .'").

Tennessee has a savings statute, however, that permits, "[i]f the action is commenced within the time limited by a rule or statute of limitation, but the judgment or decree is rendered against the plaintiff upon any ground not concluding the plaintiff's right of action . . . the plaintiff . . . may . . . commence a new action within one (1) year . . . ." Tenn. Code Ann. § 28-1-105(a). Based upon the undisputed facts before the Court, Plaintiff's Hardeman County action was timely filed in October 2012 and dismissed in November 2016 without an adjudication on the merits. Plaintiff then filed this action in December 2016. Thus, the savings statute seems facially applicable. But Defendant argues that it is not. Defendant asserts that the Tennessee savings statute does not apply because Plaintiff never brought a timely action against Defendant by naming "P.I., Inc.," in the action. The Hardeman County Circuit Court granted Plaintiff's Motion to Amend his Complaint to that effect, but Plaintiff never did so. Defendant alternatively argues that the Court should apply the doctrine of laches because Plaintiff sat on his rights by having notice that Defendant was not properly named in the Hardeman County suit but not formally adding Defendant to the same. For his part, Plaintiff first argues that Defendant waived its argument on this point entirely by failing to raise this issue before participating in the

7

Hardeman County lawsuit.[5] Alternatively, Plaintiff argues that the Complaint before this Court sufficiently relates back to his Hardeman County Complaint so as to make the savings statute applicable. The Court need not address Plaintiff's alternative argument because it finds that Defendant has waived the defense it has raised by participating in the Hardeman County lawsuit.

Defendant participated in the Hardeman County litigation, including Plaintiff's appeal to the Tennessee Court of Appeals and Defendant's application for permission to appeal to the Tennessee Supreme Court. The undisputed facts demonstrate that, in the Hardeman County lawsuit, Defendant was a defendant, Def.'s Resp. to Pl.'s Statement of Facts, ¶¶ 25, 27, filed an answer, *Id.* ¶¶ 8–10, participated in discovery, *Id.* ¶¶ 11–13, 16, 21–22, litigated whether Plaintiff had standing to sue, *Torres v. Precision Indus.*, 2014 Tenn. App. LEXIS 470 (Tenn. Ct. App. Aug. 5, 2014), *denied permission to appeal*, 2014 Tenn. LEXIS 1075 (Tenn. Dec. 18, 2014); Def.'s Resp. to Pl.'s Statement of Facts, ¶¶ 17–18, 20, and though Terri Hedrick and Vicki Hedrick filed a Motion to Dismiss because they were not the employers of Plaintiff, there is no evidence before the Court that Defendant (or the alleged separate nonentity that Plaintiff filed suit against in Hardeman County Circuit Court) moved to dismiss the action for not being the employer of Plaintiff, which Defendant readily admits that it is, Def.'s Resp. to Pl.'s Statement of Facts, ¶ 14. Defendant is correct that Plaintiff should not have sat on his rights by failing to amend his Complaint after the Hardeman County Circuit Court had granted him the right to do so, but that failing does not overcome Defendant's waiver here. Defendant relies on *Turner v. Aldor Co. of Nashville, Inc.*, 827 S.W.2d 318 (Tenn. 1991), and *Schultz v. Davis*, 495 F.3d 289 (6th Cir. 2007), in support of its laches argument. But these cases are fatally distinguishable

---

[5] Plaintiff appears to make his actual argument around waiver of raising improper service of process rather than Defendant's activity in the Hardeman County lawsuit, but the Court thinks that Plaintiff's initial phrasing better captures the flaw in Defendant's argument.

from the present case. In *Turner*, the plaintiff tried to utilize the savings statute against a party impleaded by the defendant but who was never made party to the original case and who never participated in the original case as a defendant. *Turner*, 827 S.W.2d at 320–21. Further, the defendant in *Turner* that was a third-party defendant in the original case was clearly distinct from the original defendant. *Id.* at 319–20. Unlike that defendant, Defendant admits to participating in the original suit as one of the named defendants even as it now claims it was not formally named. In *Schultz*, the torts savings statute discussed is not particularly applicable because that is a device that permits a plaintiff to add a third-party defendant named by a defendant to be at fault for the plaintiff's injuries for a brief time period beyond the normal statute of limitations. For the Sixth Circuit in *Schultz*, the issue was the plain language of the statute and its applicability where the plaintiff discovered the fault of the third-party before the statute of limitations ran but sought to use the torts savings statute after the statute of limitations had run. *Schultz*, 495 F.3d at 294–95. This has nothing to do with the general savings statute where a plaintiff sued or intended to sue the correct entity and that entity then participated in the original lawsuit.

Plaintiff on the other hand relies on the Tennessee Supreme Court's opinion in *Goss v. Hutchins*, 751, S.W.2d 821 (Tenn. 1988). While Plaintiff utilizes this case in its alternative argument, Plaintiff's point and the Tennessee Supreme Court's holding suffice here. *Goss* involved a plaintiff that sued an estate, voluntarily nonsuited, and then re-filed the suit a year later against the estate. *Id.* at 822–23. In both instances, the summons was directed to the estate's administrator. *Id.* While the estate was not the proper party to sue because it was not a legal entity, the trial court denied summary judgment on the basis that the plaintiff could properly amend the complaint to include the proper party—the administrator. *Id.* at 823. The

trial court further decided that the statute of limitations did not apply because the plaintiff could rely on the savings statute. *Id.* The Tennessee Court of Appeals held that the trial court's decision to permit the plaintiff to amend her complaint was proper because, under the Tennessee Rules of Civil Procedure, the complaint related back to the commencement of the second action, but the court found that the savings statute did not apply, and therefore the action was barred by the statute of limitations. *Id.* The Tennessee Supreme Court reversed, however, and found that the savings statute was applicable because both complaints identified the party that the plaintiff was trying to sue. *Id.* at 825–26. Further, because the defendant did not deny its existence in the sense of the capacity to be sued when it answered the original complaint, the savings statute would have been applicable even if the plaintiff had intended to sue the estate itself. *Id.* (quoting Tenn. R. Civ. P. 9.01). Here, it is quite clear that Plaintiff intended to sue his employer because he has identified the defendant entity in both suits as his employer. Defendant did not deny its existence as the entity that employed Plaintiff in the Hardeman County suit, but it now tries to argue that Plaintiff originally sued a different or nonexistent entity even though it participated in that action as Plaintiff's employer. Defendant knew it was being sued and took action in accordance with possessing that knowledge by defending itself in the Hardeman County lawsuit. The Court finds that Plaintiff may properly invoke the savings statute, and, therefore, Plaintiff's claim against Defendant is not barred by the statute of limitations.

## V. CONCLUSION

Defendant cannot now assert it was not named as the defendant in a prior lawsuit when it participated as the defendant in that suit. Nor can Defendant credibly claim any prejudice when it knew it was being sued and indeed acted upon that knowledge. This is true even where a

10

plaintiff is not as diligent as he should have been in amending his complaint as he received leave to do. The Court therefore finds that Defendant is not entitled to summary judgment. Defendant's Motion is accordingly **DENIED**.

    **It is so ORDERED.**

                                        **s/ S. Thomas Anderson**
                                        S. THOMAS ANDERSON
                                        CHIEF UNITED STATES DISTRICT JUDGE


                    Date: November 14, 2017.