# IN THE UNITED STATES DISTRICT COURT
# FOR THE WESTERN DISTRICT OF TENNESSEE
# EASTERN DIVISION

| | |
|---|---|
| RICARDO TORRES, | ) |
| Plaintiff, | ) |
| vs. | ) No. 1:16-cv-01319-STA-egb |
| PRECISION INDUSTRIES, INC., a/k/a P.I., Inc., | ) |
| Defendant. | ) |

## ORDER GRANTING IN PART AND DENYING IN PART PLAINTIFF'S FIRST MOTION IN LIMINE AND DENYING PLAINTIFF'S SECOND MOTION IN LIMINE

Before the Court are the Motions in Limine (ECF Nos. 42 & 43) of Plaintiff Ricardo Torres, seeking to respectively exclude evidence of Plaintiff's arrests and immigration status. Defendant Precision Industries, Inc., has filed Responses in Opposition (ECF Nos. 48 & 49) to both Motions. For reasons set forth below, the First Motion in Limine is **GRANTED IN PART AND DENIED IN PART**, and the Second Motion in Limine is **DENIED**.

## I. DISCUSSION

Relevant evidence is generally admissible. Fed. R. Evid. 402. And "[e]vidence is relevant if: (a) it has any tendency to make a fact more or less probable than it would be without the evidence; and (b) the fact is of consequence in determining the action." Fed. R. Evid. 401. But "[t]he [C]ourt may exclude relevant evidence if its probative value is substantially outweighed by a danger of one or more of the following: unfair prejudice, confusing the issues, misleading the jury, undue delay, wasting time, or needlessly presenting cumulative evidence."

Fed. R. Evid. 403. "In bench trials," however, as is the case here, "the application of the unfair prejudice portion of Rule 403 has been seen as an unnecessary and 'useless procedure.'" *United States v. Hall*, 2000 U.S. App. LEXIS 170, at *6–7 (6th Cir. 2000) (quoting 22 Charles Alan Wright & Kenneth W. Graham, Jr., *Federal Practice and Procedure* § 5213 (1978 & Supp. 1999)).

### A. Evidence of Plaintiff's Arrests

Plaintiff raises two arrests in his First Motion that he argues should be excluded: (1) a 2012 arrest for shoplifting a sweater and shoes, a charge to which Plaintiff pleaded guilty; and (2) a 2014 arrest as the result of a domestic disturbance call to the police for which no charges were filed. Plaintiff primarily argues that evidence of these arrests is irrelevant and therefore it should be excluded under Federal Rule of Evidence 403. But Plaintiff also raises Rule 609(a) and adds that the arrests would not be admissible if Defendant sought to introduce them to attack Plaintiff's propensity for truthfulness. Defendant argues that evidence of both arrests is sufficiently probative that it should not be excluded. And Defendant further argues that the evidence of the shoplifting arrest is not excluded by Rule 609(a) if introduced to attack Plaintiff's propensity for truthfulness. The Court ultimately agrees with Defendant as to the relevance of the shoplifting conviction and with Plaintiff as to the domestic disturbance arrest.

Defendant asserts that its owner's knowledge of the arrest influenced his decision to terminate Plaintiff. Thus, such evidence would tend to prove a proper rather retaliatory motive for firing Plaintiff and would therefore be of consequence to this case. As to the shoplifting arrest, Plaintiff's Motion is **DENIED**. Evidence of Plaintiff's shoplifting conviction is conditionally admissible for the purpose of establishing a proper motive to terminate Plaintiff.

Evidence of Plaintiff's arrest following a domestic disturbance call, however, does nothing to prove or disprove any such fact. Defendant asserts that it is relevant in so far as Plaintiff claims that his unlawful termination negatively impacted his relationship. Evidence of other causes, according to Defendant, would tend to disprove Plaintiff's claims. But the Court fails to see the relevance of Plaintiff's relationship, or its apparent deterioration, to Plaintiff's claims or Defendant's defenses to those claims. Therefore, Plaintiff's Motion is **GRANTED** as to the domestic disturbance arrest.

### B. Evidence of Plaintiff's Immigration Status

In his Second Motion, Plaintiff argues that his status as an illegal alien at the time of his employment is not relevant to this action and that such evidence would be unfairly prejudicial. Plaintiff further argues that evidence of his prior immigration status is not admissible to attack his credibility. Defendant argues that Plaintiff's immigration status is relevant in so far as it alleges Plaintiff provided false documentation that purportedly authorized him to work in the United States and that providing such false documentation precludes him from recovering unearned wages. The Court declines to make a substantive ruling as to Plaintiff's immigration status and damages at this stage by excluding evidence of Plaintiff's status—and thereby precluding any such argument. Defendant also asserts that Plaintiff's immigration status is relevant to Plaintiff's state of mind in filing his claims against Defendant. With no jury in this case, there is no danger of unfair prejudice to Plaintiff, *see Hall*, 2000 U.S. App. LEXIS 170, at *6–7 (citation omitted), and the Court would prefer to have the parties develop these issues. Therefore, Plaintiff's Second Motion is **DENIED**. Evidence of Plaintiff's status as an illegal alien is admissible for the purposes stated in Defendant's Response.

### III. CONCLUSION

For the foregoing reasons, Plaintiff's First Motion in Limine is **GRANTED IN PART AND DENIED IN PART**, and Plaintiff's Second Motion in Limine is **DENIED**. Therefore, evidence of Plaintiff's arrest after the police were called in a domestic disturbance call is excluded.

**IT IS SO ORDERED.**

                                                **s/ S. Thomas Anderson**
                                                S. THOMAS ANDERSON
                                                CHIEF UNITED STATES DISTRICT JUDGE

Date: March 16, 2018.