# IN THE UNITED STATES DISTRICT COURT
# FOR THE WESTERN DISTRICT OF TENNESSEE
# EASTERN DIVISION

| | |
|---|---|
| **RICARDO TORRES,** ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| vs. ) | No. 1:16-cv-01319-STA-egb |
| ) | |
| **PRECISION INDUSTRIES,** ) | |
| **INC., a/k/a P.I., Inc.,** ) | |
| ) | |
| Defendant. ) | |

## ORDER DENYING MOTION FOR WITNESS TO TESTIFY REMOTELY FOR TRIAL

Before the Court is the Motion of Defendant Precision Industries, Inc., for Witness to Testify Remotely for Trial (ECF No. 51). Defendant seeks an order permitting Dr. Denise Landau to testify remotely at trial pursuant to Federal Rule of Civil Procedure 43. Plaintiff Ricardo Torres has filed a Response in Opposition to Defendant's Motion (ECF No. 57), asserting that Defendant failed to meet the standard of Rule 43. For reasons set forth below, the instant Motion is hereby **DENIED**.

### I. BACKGROUND

Plaintiff filed the underlying diversity action for relief under Tennessee Workers' Compensation laws on December 19, 2016. The matter is currently set to go to trial on Monday, March 26, 2018 in Jackson, Tennessee. Dr. Denise Landau is a clinical psychologist based in Memphis, Tennessee. Adriana Chavira is a former girlfriend of Plaintiff and is expected to be called as a witness at trial.

## II. STANDARD OF LAW

Generally, a witness's testimony must be taken in open court. Fed. R. Civ. P. 43(a). But if a party demonstrates "good cause in compelling circumstances," and "appropriate safeguards" are provided, then the Court "may permit testimony in open court by contemporaneous transmission from a different location." *Id.* In its notes to the 1996 amendments to the Federal Rules of Civil Procedure, the Advisory Committee elaborated on the meaning of "good cause in compelling circumstances":

> The importance of presenting live testimony in court cannot be forgotten. The very ceremony of trial and the presence of the factfinder may exert a powerful force for truthtelling. The opportunity to judge the demeanor of a witness face-to-face is accorded great value in our tradition. Transmission cannot be justified *merely by showing that it is inconvenient* for the witness to attend the trial.

Fed. R. Civ. P. 43(a) advisory committee's note to 1996 amendments. The Advisory Committee goes on to say that "[t]he most persuasive showings of good cause and compelling circumstances" as situations where the "witness is unable to attend trial for unexpected reasons . . . ." *Id.*

## III. ANALYSIS

The Court finds that Defendant has failed to demonstrate sufficiently compelling circumstances under Rule 43. In order to justify contemporaneous testimony from a different location, not only must there be appropriate safeguards but also good cause in compelling circumstances. Inconvenience to the witness is insufficient cause to permit remote testimony at trial. Therefore, Defendant's Motion is **DENIED**.

In asserting the presence of good cause in compelling circumstances, Defendant argues that Dr. Landau's testimony is needed to demonstrate that Plaintiff and Adrianna Chavira misled

Dr. Landau in an effort to get her to provide testimony to help them in a prior lawsuit against Defendant. Dr. Landau, however, is located approximately 80 miles from the United States Courthouse in Jackson, Tennessee and has patients scheduled for the trial date. Defendant contends that these circumstances are sufficiently compelling to justify forgoing live testimony in open court. Plaintiff disagrees. Plaintiff first notes that Dr. Landau was tardily disclosed by Defendant and then argues that Defendant has not satisfied the standard of Rule 43(a). Plaintiff focuses his argument on the fact that it is Defendant's late decision to utilize Dr. Landau that is the cause of any difficulty related to her appearance as a witness. This point weighs in Plaintiff's favor, but it is not the ultimate reason that the Court must deny Defendant's Motion. Defendant's need for Dr. Landau's testimony cannot be considered good cause in compelling circumstances on its own simply because the "need" for any witness's testimony is inherent in that witness giving testimony to the Court. A needless witness is a waste of everyone's resources and should not be appearing in court at all. Thus, the Court turns to the facts that Dr. Landau is located approximately 80 miles away and has patients scheduled for the trial date. But this information shows nothing more than an inconvenience to Dr. Landau's appearance in open court. Inconvenience is far from compelling, and the Advisory Committee has made it quite clear that mere inconvenience is not enough.

Further cutting against Defendant is the comparable situation in *Niemeyer v. Ford Motor Co.*, 2012 U.S. LEXIS 149987 (D. Nev. Oct. 18, 2012). In that case, the plaintiffs sought permission for their personal physician to testify remotely because of a scheduling conflict with the trial setting and the physician's schedule with other patients. *Id.* at \*1–3. The district court denied the motion on the grounds that the plaintiffs had "not provided or even argued any

'appropriate safeguards'[1] [that] could compensate for or override th[e] strong preference of in person testimony," *id.* at *8, and that the plaintiffs "failed to adequate demonstrate good cause and compelling reasons. . . . [because it was] a quandary of plaintiff's own making." *Id.* at *9–10. To Defendant's credit, a belated disclosure is a far cry from the conduct of the *Niemeyer* plaintiffs. *See id.* at *7–10 (describing the plaintiffs' selection of a date without consulting with the physician, failure to depose the physician, and failure to attach an affidavit from the physician stating that there was a scheduling conflict). But ultimately, the fact that the trial setting conflicts with Dr. Landau's scheduled appointments, even when combined with the 80-mile drive to Jackson, is not compelling. And therefore, Defendant has failed to satisfy Rule 43.

## IV. CONCLUSION

For the foregoing reasons, the instant Motion is **DENIED**. The Court is, however, willing to make some reasonable accommodations to Dr. Landau's schedule. For example, the Court is willing to let Dr. Landau testify out of order. If Defendant desires such accommodations, Defendant may make its desire known to the Court at the beginning of trial on Monday if not before.

**IT IS SO ORDERED.**

s/ S. Thomas Anderson
S. THOMAS ANDERSON
CHIEF UNITED STATES DISTRICT JUDGE

Date: March 21, 2018.

---

[1] The Court also remains unpersuaded that Defendant has demonstrated the provision of appropriate safeguards by mere virtue of having Dr. Landau testifying from another federal courthouse. *See Niemeyer*, 2012 U.S. LEXIS 149987, at *7–8. But Plaintiff does not raise this point in his Response.